

The Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Herbert Smith Freehills Kramer (US) LLP
1177 Avenue of the Americas
New York, New York 10036
USA
T  +1 212 715 9125
F  +1 212 715 8125
E  brian.shaughnessy@hsfkramer.com
www.hsfkramer.com

August 29, 2025

**VIA ECF**

Re:   *Letter in Opposition to Defendant Kertsikoff's Motion to Extend Time to Answer Complaint, Dkt. No. 14*

Dear Judge Mastando:

Plaintiffs write in opposition to Defendant Vassilis Kertsikoff's Letter-Motion ("Motion") requesting a 21-day extension, through and including September 16, 2025, for Mr. Kertsikoff to respond to the Complaint.  *See* Dkt. No. 14.  For the reasons set forth below, the Motion should be denied.

As an initial matter, the Defendant's brief, one-page letter motion omits any discussion of the relevant legal standards for the grant of the requested extension.  Defendant's failure to mention, let alone discuss, the governing "excusable neglect" standard (*see* Fed. R. Bankr. P. 9006(b)(1)) is alone grounds to deny the Motion.  *See, e.g.*, *In re Residential Capital LLC*, 2015 WL 2256683, at *9 (Bankr. S.D.N.Y. May 11, 2015) ("The movant bears the burden of establishing excusable neglect."); *In re Junk*, 533 B.R. 639, 642 (Bankr. S.D. Oh. 2015) (denying motion to extend time to answer where defendants made "no attempt in the Motion to explain how their failure to act in a timely manner was the result of excusable neglect").

In any event, there is no good cause for the requested extension.  Plaintiffs filed the Complaint on July 30, 2025.  *See* Dkt. No. 1.  That same day, the Clerk of Court issued the Summons and Notice of Pretrial Conference in an Adversary Proceeding, which set a clear deadline for Mr. Kertsikoff to submit a motion or answer of 21 days after service.  *See* Dkt. No. 2.  Mr. Kertsikoff was properly served in person that same day—July 30, 2025.  *See* Dkt. No. 7.  Accordingly, Mr.

Herbert Smith Freehills Kramer LLP and its affiliated and subsidiary businesses and firms, Herbert Smith Freehills Kramer (US) LLP and its affiliate, and Herbert Smith Freehills Kramer, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills Kramer.

In New York, we practice through both Herbert Smith Freehills Kramer New York LLP, a limited liability partnership registered in England and Wales with registered number OC375072 and Herbert Smith Freehills Kramer (US) LLP, a registered limited liability partnership organized under the laws of the State of New York with an office at 1177 Avenue of the Americas, New York, NY 10036. In Washington, D.C. and California, we practice through Herbert Smith Freehills Kramer (US) LLP. We use the word partner of Herbert Smith Freehills Kramer New York LLP or of Herbert Smith Freehills Kramer (US) LLP to refer to a member of those entities, or an employee or consultant with equivalent standing and qualifications.



August 29, 2025

Kertsikoff had until August 20, 2025, to file an answer or motion to dismiss. Mr. Kertsikoff did not file an answer or motion to dismiss by that date.

Defendant has not shown that his "failure to act" by the set deadline "resulted from excusable neglect." *See* Fed. R. Bankr. P. 9006(b). Defendant's Motion claims that he was unable to retain counsel prior to the deadline, but that assertion strains credibility for multiple reasons. *First*, Mr. Kertsikoff appears to have been represented by counsel at the very moment of service. As set forth in the Affidavit of Service filed at Dkt. No. 7, Mr. Kertsikoff was accompanied by an attorney at the time of service, and that attorney informed Plaintiffs' process server that "we are not accepting service[1]." *Second*, Mr. Kertsikoff had previously asked Judge Liman for a protective order that would have precluded him from being served with process while he was in New York for depositions, indicating he anticipated that such service might occur. (Judge Liman denied the request.) *Third*, while, the Motion cites the alleged "complexity" of the Complaint and the need to address "allegations spanning numerous countries and legal proceedings," it fails to note that the Complaint's allegations are substantially similar to those that have already been litigated repeatedly in these cases, in the form of the many sanctions motions that have been prompted by the conduct of Mr. Kertsikoff and his associates. Simply put, the facts are not new, and Mr. Kertsikoff has been fully aware of them now for many months.

Finally, pursuant to the applicable Rules, Plaintiffs have filed a Request for a Certificate of Default (*see* Dkt. No. 15) and fully intend to pursue Default Judgment against Mr. Kertsikoff. Thus, to the extent the Court is not prepared to deny Defendant's Motion outright, Plaintiffs respectfully submit that the Motion, and Plaintiffs' forthcoming motion for a Default Judgment, be considered simultaneously after further briefing.

Thank you for your consideration of this matter.

Sincerely,

*/s/ Brian Shaughnessy*

Brian F. Shaughnessy
Partner

---

[1] To be clear, counsel's statement in this regard was as ineffective as it was ill-advised. Had Mr. Kertsikoff bothered to review the summons and complaint (as he was obliged to do), he would have immediately seen that his response was due within 21 days.