

Solomon B. Shinerock
212 822 0165
solomon.shinerock@lbkmlaw.com

September 2, 2025

**VIA ECF**

The Honorable John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:   *Eletson Holdings, Inc., et al. v. Vassilis Kertsikoff, et al.*,
            Adversary Proc. No. 25-01120-JPM

Dear Judge Mastando:

We represent Vassilis Kertsikoff and write in further support of our request for an extension of time to respond to the Complaint in this adversary proceeding (Dkt. No. 14) (the "Motion"), and in response to the Plaintiffs' letter in opposition (Dkt. No. 18, "Opposition Letter"). As we will show in due course, service on Mr. Kertsikoff was improper. Moreover, Plaintiffs violated local rules and engaged in improper gamesmanship by waiting 16 days to file their affidavit of service of the Complaint. In light of that background and the complexity of this matter, the amount of time that Mr. Kertsikoff took to engage counsel was completely appropriate and reasonable under the circumstances, as is the limited extension of time to respond requested here.

As noted in our Motion, Plaintiffs claim to have served Mr. Kertsikoff on July 30, 2025 with a summons and complaint requiring a response within 21 days. Plaintiffs fail to mention in their Opposition Letter that this purported service occurred while Mr. Kertsikoff was in New York to sit for a deposition concerning the Eletson bankruptcy—at a time and place in which Mr. Kertsikoff was immune from service. Such service is broadly recognized as unlawful and ineffectual.

Plaintiffs also fail to mention in their Opposition Letter that they did not file an affidavit of service until August 15, 2025 (Dkt. No. 7)—sixteen days after their purported service on Mr. Kertsikoff. Local Rule 9078-1 requires that "any party serving a pleading or other document must file proof of service by the earlier of (i) three (3) days following the date of service, and (ii) the hearing date."

In this instance, Plaintiffs' unexcused delay and violation of Local Rule 9078-1 is directly relevant to the reasonableness of the requested extension of time. Because Mr. Kertsikoff was



September 2, 2025
Page 2

not properly served, he did not take possession of the summons and complaint. He was unaware of the assertions made in Plaintiffs' affidavit of service until August 15, 2025.

Following August 15, 2025, Mr. Kertsikoff timely sought and successfully retained counsel by August 26, 2025. This 11-day period is reasonable and should be excused[1] under the circumstances and in light of the complexity of the underlying case. *See In re Paramount Hotel Corp.*, 319 B.R. 350 (Bankr. S.D.N.Y. 2005) (10-day delay excused based on a party's good-faith efforts to retain counsel, including time needed to consult with attorneys and allow them to review the file).

In light of Plaintiffs' failure to observe the local rules, the Court should view the timeline as though the claimed service occurred on August 12, 2025—three days prior to the filing of the affidavit, as the rules envisage. This would result in a response deadline of September 2, 2025, crediting the 21 days provided by the summons. Viewed on that timeline, Mr. Kertsikoff's request is reasonable.

For all of the foregoing reasons and those outlined in the Motion, the requested extension should be granted. Mr. Kertsikoff reserves all challenges and objections to the propriety and effectiveness of service, the Court's jurisdiction over him, and all other claims, defenses, or objections he may have in relation to the Complaint.

Sincerely,

Solomon B. Shinerock

---

[1] To the extent this period is viewed as a "delay," it meets the standard for "excusable neglect" under Federal Rule of Bankruptcy Procedure 9006(b)(1) and the factors outlined in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993). Mr. Kertsikoff acted in good faith, and the delay was caused by Plaintiffs' tardiness in filing the affidavit of service, combined with the time needed to retain counsel. Importantly, this request will not result in prejudice to Plaintiffs or to the proceeding.